IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLORADO

Criminal Case No. 1:24-CR-003 (GPG/JMC)

UNITED STATES OF AMERICA,

 Plaintiff,

v.

LYNDRETH HEMP WALL,

 Defendant.

## LYNDRETH HEMP WALL'S REQUEST THE COURT RECUSE THE MAGISTRATE JUDGE JAMES M. CANDELARIA FROM THIS CASE

 Pursuant to 28 U.S.C. § 455(a), (b)(1), and (b)(3), Mr. Wall, through the undersigned, respectfully requests the Court recuse Magistrate Judge James M. Candelaria from his case. Judge Candeleria should be recused because his "impartiality might reasonably be questioned" in his participation in Mr. Wall's case. In 2017, Judge Candeleria served as an Assistant United States Attorney ("AUSA") and "in such capacity participated as counsel" for the government regarding the government's eventual prosecution of Mr. Wall. Further, it appears Judge Candeleria "expressed an opinion concerning the merits of" Mr. Wall's case. Accordingly, Judge Candeleria should be recused from any participation in Mr. Wall's case.[1]

## I. RELEVANT PROCEDURAL HISTORY

 On January 3, 2024, a grand jury returned an indictment charging Mr. Wall with seven counts of violating 18 U.S.C. § 2242 and 18 U.S.C. § 1153, and four counts of violating 18 U.S.C. § 2244(a)(2) and § 1153. Docket Entry Number ("DE") 1. An arrest warrant was issued the same day.

---

[1] When requested, the government stated it does not take a position regarding this motion to recuse Judge Candeleria. The government further indicated they will file a response to the instant Motion.

DE 2. Mr. Wall was arrested pursuant to that warrant on January 10, 2024. DE 5. Mr. Wall's initial appearance was held on January 12. DE 7. The detention hearing is scheduled for January 18, 2024. *Id.*

On January 17, 2024, counsel received reports indicating that Judge Candelaria, in his capacity as an AUSA, participated in the case against Mr. Wall. Specifically, in 2017, A.B., her mother, her daughter, and two of A.B.'s friends accused Mr. Wall of sexual misconduct. Law enforcement then referred the case to the United States Attorney through a Bureau of Indian Affairs "Notice of Allegation." Judge Candelaria was one of two AUSAs who received the Notice of Allegation. The government did not initiate a case in 2017.

The same allegations – and evidence – presented to Judge Candeleria in 2017 form the basis for the indictment in this case.

## II. THE COURT SHOULD RECUSE JUDGE CANDELERIA

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Marshall v. Jerrico, Inc.,* 446 U.S. 238 (1980)). Section 455(a) mandates "[a]ny ... magistrate judge of the United States" to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The general language of subsection (a) was designed to promote public confidence in the integrity of the judicial process by replacing the subjective ['in the opinion of the judge'] standard with an objective test." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7, 108 S.Ct. 2194, 2202, n. 7, 100 L.Ed.2d 855 (1988)). Importantly, a "judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue" in the application of § 455(a). *Cooley*, 1 F.3d at 993. Rather, it's a purely objective inquiry; "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d

937, 938 (10th Cir. 1987) (citations omitted); *Cooley*, 1 F.3d at 993; *Liljeberg*, 486 U.S. at 864 ("[w]e must continuously bear in mind that to perform its high function in the best way justice must satisfy the appearance of justice.") (punctuation and citation omitted).

Similarly, § 455(b) also mandates any judge to disqualify himself "[w]here personal knowledge of disputed evidentiary facts concerning the proceeding" and "[w]here he has served in governmental employment and in such capacity ... expressed an opinion concerning the merits of the particular case in controversy." § 455(b)(1), (3).

Judge Candelaria should be recused because he both has personal knowledge of "disputed evidentiary facts" concerning the detention hearing and served as an AUSA presented with the allegations against Mr. Wall for prosecution. Either he believed the case against Mr. Wall should not be prosecuted or he believed the investigation should continue based on the evidence he was presented with. As a result, Judge Candeleria's continued participation in Mr. Wall's case would "create[] doubts regarding his impartiality" in the mind of a reasonable person, *see Hinman*, 831 F.2d at 938; *Cooley*, 1 F.3d at 993, and does not appear to "satisfy the appearance of justice," *Liljeberg,* 486 U.S. at 864, and reasonably implies a lack of impartiality. § 455(a).

## IV. CONCLUSION

Based on the foregoing, Mr. Wall respectfully requests the Court recuse Judge Candeleria from his case pursuant to § 455(a), (b)(1), and (b)(3).

[*Signature page follows.*]

Respectfully submitted, this 17th day of January, 2024.

                    VIRGINIA L. GRADY
                    Federal Public Defender

                    *s/ Jared Scott Westbroek*
                    JARED SCOTT WESTBROEK
                    Assistant Federal Public Defender
                    633 17th Street, Suite 1000
                    Denver, CO 80202
                    Telephone: (303) 294-7002
                    FAX: (303) 294-1192
                    Email: jared_westbroek@fd.org
                    Attorney for Mr. Wall


                    *s/ Laura Hayes Suelau*
                    LAURA HAYES SUELAU
                    Assistant Federal Public Defender
                    633 17th Street, Suite 1000
                    Denver, CO 80202
                    Telephone: (303) 294-7002
                    FAX: (303) 294-1192
                    Email: laura_suelau@fd.org
                    Attorney for Mr. Wall

## CERTIFICATE OF SERVICE

       I hereby certify that on January 17, 2024, I electronically filed the foregoing **LYNDRETH HEMP WALL'S REQUEST THAT THE HONORABLE GORDAN P. GALLAGHER RECUSE HIMSELF FROM THIS CASE AND HAVE IT REASSIGNED TO ANOTHER DISTRICT COURT JUDGE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Riley Josh Player, AUSA
Email: Riley.Player@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lyndreth Hemp Wall (Via U.S. Mail)

*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: jared_westbroek@fd.org
Attorney for Defendant