IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    24-cr-00003-GPG

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**LYNDRETH HEMP WALL**,

       Defendant.

___

**MOTION TO REOPEN DETENTION HEARING AND REVOKE MR. WALL'S RELEASE PURSUANT TO TITLE 18 U.S.C. SECTION 3142(f)(2)(B)**
___

Mr. Lyndreth Hemp Wall, through his attorneys, Laura H. Suelau and Jared Scott Westbroek, moves the Court to reopen the detention hearing in this matter and asks this Court to revoke his release. Mr. Wall respectfully requests this Court reopen the detention hearing in this matter pursuant to Title 18 United States Code Section 3142(f)(2)(B). He further requests that this court find there are not conditions that will assure Mr. Wall's appearance in court. The government, through Assistant United States Attorneys Jeff Graves and R. Josh Player, "reserves its position until after reviewing the motion and intends to file a response."

    **I.**    **Relevant Procedural and Factual Background.**

Mr. Wall was arrested January 11, 2024, Docket Entry Number ("Doc.") 6, after being charged with six counts of violating 18 U.S.C. §§ 2242 and 1153 and three counts of violating 18 U.S.C. §§ 2244(a)(2) and 1153. Doc. 1. Mr. Wall's initial appearance was held on January 12, 2024. Doc. 7. He was appointed counsel, Doc. 9, and his defense team entered their appearance. Docs. 10, 11. On January 19, 2024, Mr. Wall entered pleas of not guilty and, after a contested detention hearing, Mr. Wall was released pursuant to conditions. Doc. 25. One such condition was that Mr. Wall reside at a halfway house. While Mr. Wall was denied placement in a local halfway house (Hilltop House), space

was available at a halfway house (Independence House) in Denver, Colorado. After space in the halfway house was confirmed, Mr. Wall was released on a personal recognizance bond on January 25, 2024. Docs 30-32. Mr. Wall reported to the Independence House as directed.

On January 19, 2024, after Mr. Wall was Ordered released pursuant to conditions, Special Agent Scott Crowley with the Federal Bureau of Investigations contacted the Denver Police and advised them that Mr. Wall was going to be released from custody.[1] According to the Arrest Warrant in that matter, prior to that call, that case had been "inactivated" since September 14, 2021. After that call, the Denver Police reactivated the investigation and filed a warrant for Mr. Wall's arrest on January 22, 2024. Similarly, on January 18, 2024, AUSA Graves contacted City of Lone Tree detective Shannon Jones and advised that Mr. Wall was "under federal indictment."[2] After those communications, charges were initiated in Denver County case 2024CR000930 and Douglas County case 2024CR000231. Mr. Wall was arrested by Denver County on February 12, 2024, and the court set a $50,000 cash only bond. On February 27, 2024, Douglas County initiated charges against Mr. Wall and the court set a $250,000 cash or surety bond. Unable to pay bond in either case, Mr. Wall has remained in the custody of Denver County since February 2024.

**II.     This Court Should Reopen Mr. Wall's Detention Hearing.**

Given this new information, this Court can and should reopen the detention hearing pursuant to Title 18 U.S.C. Section 3142(f)(2).[3] That section provides that "the [detention] hearing may be

---

[1] Reports of this call were not provided to counsel in discovery, but the Affidavit and Application for Arrest Warrant in Denver County Case No. 2024CR000930 (provided to counsel by Mr. Wall's attorney in that matter) states, "On January 19th, 2024, the Denver Police Sex Crimes Unit was notified via phone by the Federal Bureau of Investigations (FBI) that suspect LYNDRETH was in custody reference [sic] a federal investigation for sexual assault involving at least 4 victims, which occurred on the Native American Reservation in Towaoc, Colorado. The FBI further advised the suspect had a bond hearing and Your Affiant later learned the suspect was going to be released to an unknown halfway house located in Denver."

[2] A copy of that e-mail was provided to counsel by Mr. Wall's attorney in that matter.

[3] By its terms, "this section applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order." *United States v. Cisneros,* 328 F.3d 610 (10th Cir. 2003).

2

reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." Mr. Wall's charges in Denver and Douglas counties, and the bonds set in those cases, constitute such information. Although Mr. Wall's counsel was made aware of an investigation in Denver County, they were not provided with any specifics of that case, nor were they informed that federal authorities would alert state authorities of Mr. Wall's release, prompting his arrest by state authorities. Had that information been made known to Mr. Wall at the time of his detention, it would have a material bearing on "whether there are conditions of release that will reasonably assure the appearance [of Mr. Wall]." It would also have impacted counsel's advice to Mr. Wall concerning whether to contest the government's request for detention.

Mr. Wall's case is subject to Durango and Grand Junction Protocol ("Western Slope Protocol") pursuant to District Court General Orders 2017-1 and 2015-1. Mr. Wall's case is a Durango case because "the defendant, witnesses, or events surrounding the allegations are tied to the respective community in and around Durango [area]" and specifically "includes allegations arising out of the Ute Mountain Ute and Southern Ute Indian Reservations." D. Colo. Gen. Order 2017-1. In a case so-designated under the Western Slope Protocol, "a detained defendant shall be held in that respective area and presumptively, all hearings/trials shall be held in that respective location." *Id.*

The Western Slope Protocol was initiated on March 16, 2015, to "provide greater federal court access for residents on the Western Slope."[4] In that Press Release, the District Court specifically noted

---

In this case, that is Magistrate Judge Scott T. Varholak.
[4] D. Colo. Press Release, Mar. 16, 2015, "Better Access to the Federal Courts for the Western Slope," http://www.cod.uscourts.gov/Portals/0/Documents/Announcements/Press%20Release%20-%20Western%20Slope%203.16.15.pdf?ver=BNJDf0hq0eqXfiWD2pvoEA%3d%3d.

3

"In the past, residents of the Western Slope, including members of the Southern Ute Indian Tribe and Ute Mountain Ute Tribe have had to travel to Denver, more than 350 miles away, for hearings and trials." Mr. Wall is more than 350 miles away from his family and community. More than that, he is 350 miles away from the District Court in Durango, Colorado – a placement which jeopardizes his appearance in the instant case. Additionally, Mr. Wall's detention in state custody may impede his access to counsel and hamper counsel's ability to effectively represent him.

### III. Conclusion.

For the foregoing reasons, Mr. Wall respectfully requests this court reopen the detention hearing in this matter, and find that, while those cases in Denver and Douglas Counties are pending, there are no conditions that will reasonably assure Mr. Wall's appearance in court. This Court should further Order, consistent with the Western Slope Protocol, that Mr. Wall be detained in the Durango Area.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Laura H. Suelau
LAURA H. SUELAU

s/ Jared Westbroek
JARED WESTBROEK

Assistant Federal Public Defenders
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Laura_Suelau@fd.org
Jared_Westbroek@fd.org
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 10, 2024, I electronically filed the foregoing **MOTION TO REOPEN DETENTION HEARING AND REVOKE MR. WALL'S RELEASE PURSUANT TO TITLE 18 U.S.C. SECTION 3142(f)(2)(B)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

  Josh Player, Assistant United States Attorney
  Email: riley.player@usdoj.gov

  Jeff Graves, Assistant United States Attorney
  Email: jeffrey.graves@usdoj.gov

  And I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Lyndreth Hemp Wall (Via U.S. Mail)

            s/ Laura H. Suelau
            LAURA H. SUELAU
            Assistant Federal Public Defender
            633 17th Street, Suite 1000
            Denver, CO  80202
            Telephone:  (303) 294-7002
            FAX:  (303) 294-1192
            Laura_Suelau@fd.org
            Attorney for Defendant